IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3201-BO

| | | |
|---|---|---|
| RONALD DAVISON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
|     Defendants. | ) | |

Ronald Davison ("plaintiff"), a federal inmate, has filed this suit pursuant to the Federal Tort Claims Act ("FTCA").[1] Presently, the matter is before the court on defendants' motion to dismiss or for summary judgment.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light

---

[1] On May 17, 2010, the court began the frivolity review pursuant to 28 U.S.C. § 1915 and entered an order seeking clarification on the type of case plaintiff sought to file. (D.E. # 3) On January 12, 2011, after plaintiff's response, the court entered an order finding this to be a case filed solely under the FTCA as explained by plaintiff. (D.E. # 8)

most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

From March 24, 2008, through September 8, 2008, plaintiff was housed at the Federal Medical Center - Butner, North Carolina, pursuant to a court order under 18 U.S.C. § 4241(d) for a 120-day period for the purpose of conducting an examination in order to restore his competency to stand trial. (Reichardt Decl. ¶ 6). During that time the Bureau of Prisons ("BOP") classified plaintiff as a pretrial detainee because plaintiff had not yet been convicted. (Reichardt Decl. ¶ 12). BOP policy requires that pretrial inmates be separated to the extent practicable from convicted inmates. (Reichardt Decl. ¶ 13). When not practicable, however, BOP staff will assess pretrial inmates and permit those that do not pose a risk to the security or orderly function of an institution to have contact with convicted inmates. Id. Pretrial detainees who seek to participate in work assignments at BOP institutions must execute a waiver/notice of separation form. The form provides the pretrial detainee with notice that while in BOP custody they would have contact with convicted inmates. Pretrial detainees are questioned as to whether they believe such contact would pose a risk to their safety. Plaintiff indicated that he knew of no reason why a convicted inmate would pose a threat to his safety and BOP officials found plaintiff eligible to work alongside convicted inmates. See Exhibit 2 - Waiver/Notice of Separation form. During the applicable time frame, plaintiff worked in the inmate dining hall. (D.E. #4) He also attended religious services with convicted inmates. Id.

Pursuant to BOP policy, pretrial inmates may participate in religious programs with convicted inmates. Id. Staff is to maintain security at these religious services via camera monitoring installed in the chapel. Declaration of Angela Cates, ¶ 5 ("Cates Decl."), Exhibit 3. The affidavit states that

2

the staff office is located 15 to 20 feet away from the small chapel in which the assault at issue occurred.

On May 30, 2008, a convicted inmate attacked plaintiff at the conclusion of a religious service. Prior to May 30, 2008, the inmate had never been the subject of an incident report involving assault nor had he been sanctioned by BOP for assaultive behavior. (Reichardt Decl. ¶¶ 11, 14). Prior to May 30, 2008, plaintiff never complained to BOP staff that he feared the inmate. (Reichardt Decl. ¶¶ 11, 14); (Cates Decl. ¶ 8).

On May 30, 2008, Religious Services Assistant Angela Cates was observing the inmate-led Moorish Science Temple service in the small chapel via the monitor located in the staff office. (Cates Decl. ¶ 6). At the conclusion of the service, the inmate assaulted plaintiff by striking him in the head and shoulders with a lock wrapped in a tube sock. (D.E. ##1, 4). Officer Cates observed the inmate hit plaintiff in the head. (Cates Decl. ¶ 6). She immediately called for assistance over her radio and ran to the chapel. Id. Officer Cates saw Plaintiff stagger from the chapel as other officers arrived. (Cates Decl. ¶ 7). The assisting officers began providing medical assistance, interviewing witnesses, and removed the assaulting inmate to a holding cell. (Cates Decl. ¶ 7);(Reichardt Decl. ¶ 7). Plaintiff suffered a laceration to the left side of his head
which required stitches. (Reichardt Decl, Attachment 3 – inmate injury assessment and follow-up form). On October 10, 2010, a disciplinary hearing was held. (Reichardt Decl. ¶ 11). At the conclusion of the hearing, the hearing examiner found the inmate assaulted plaintiff and ordered the inmate lose 27-days good conduct time credit. Id.

3

Plaintiff's FTCA is based on failure to protect by the guards at FMI-Butner. However, the liability of the United States under the FTCA is limited by the discretionary function exception. This exception relieves the United States of liability for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception is the "most important" exception to the FTCA's waiver of sovereign immunity. McMellon v. United States, 387 F.3d 329, 335 (4th Cir .2004). The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities to exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). To determine whether the discretionary function exception applies to conduct by a federal agency or employee, a court must determine first whether the challenged conduct "involves an element of judgment or choice." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). If the conduct does involve an element of judgment or choice, the court must inquire whether the challenged action was "based on considerations of public policy." Id. When the discretionary function exception applies to bar an FTCA claim, federal courts lack subject matter jurisdiction over the case. Williams v. United States, 50 F.3d 299 (4th Cir.1995).

When a federal prisoner sues under the FTCA for injuries caused by a fellow inmate, circuit courts have uniformly held the action to be barred by the discretionary function exception. See, e.g., Donaldson v. United States, 281 Fed. App'x, 75, 76-78 (3d Cir.2008) (upholding dismissal of an FTCA claim that federal prison employees failed to protect plaintiff from assault by a fellow prisoner on a finding that the claim was barred by the discretionary function exception); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002); Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir.1998) (reversing judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate); Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir.1998) (discretionary function exception applied to bar suit for prison officials' failure to warn plaintiff that his youthful appearance might make him vulnerable to attack or to place him in protective custody when plaintiff complained that fellow inmate was staring at him); Calderon v. United States, 123 F.3d 947 (7th Cir.1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); Buchanan v. United States, 915 F.2d 969 (5th Cir.1990) (discretionary function exception applied to FTCA claim for damages by prisoners held hostage during a prison uprising); see also, Graham v. United States, 2002 WL 188573 (E.D. Pa. Feb. 5, 2002).

Plaintiff's FTCA claim that federal officials negligently failed to protect him from assault by another inmate after a religious service is barred by the discretionary function exception. Therefore, this court lacks subject matter jurisdiction over plaintiff's federal FTCA claim for failure to protect. Williams, 50 F.3d at 304-05.

5

Case 5:09-ct-03201-BO   Document 22   Filed 12/09/11   Page 5 of 6

Accordingly, defendants' motion to dismiss or for summary judgment is GRANTED (D.E. # 13) and the claim is DISMISSED.

SO ORDERED, this the  6  day of ~~November~~ December 2011.

/s/ Terrence W. Boyle
TERRENCE W. BOYLE
United States District Judge

6

Case 5:09-ct-03201-BO   Document 22   Filed 12/09/11   Page 6 of 6